UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SHEROBSHA SYLVIA WRIGHT, | ) | CASE NO. 19-04921 |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **August 20, 2019, at 10:00 am.**, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge in Courtroom 744, at the Everett McKinley Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in his place and shall present the **MOTION FOR ENTRY OF AN ORDER IMPOSING FINES AND PENALTIES PURSUANT TO SECTION 110, HOLDING VERONICA EASON IN CIVIL CONTEMPT, AND CERTIFYING TO DISTRICT COURT OF POSSIBLE CRIMINAL CONTEMPT FOR VIOLATION OF A PERMANENT INJUNCTION DATED FEBRUARY 8, 2017**, a copy of which is attached and is served upon you.

/s/ Ha M. Nguyen
Ha M. Nguyen
United States Department of Justice
Office of the U.S. Trustee
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3320

## CERTIFICATE OF SERVICE

I, Ha M Nguyen, an attorney, state that on August 12, 2019, pursuant to Local Rule 9013-1(D) the **NOTICE OF MOTION** and **MOTION FOR ENTRY OF AN ORDER IMPOSING FINES AND PENALTIES PURSUANT TO SECTION 110, HOLDING VERONICA EASON IN CIVIL CONTEMPT, AND CERTIFYING TO DISTRICT COURT OF POSSIBLE CRIMINAL CONTEMPT FOR VIOLATION OF A PERMANENT INJUNCTION DATED FEBRUARY 8, 2017**, were filed and served on all parties, either via the Court's Electronic Notice for Registrants or via First Class Mail, as indicated on the service list below.

/s/ *Ha M. Nguyen*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice For Registrants:**

Patrick S. Layng:      USTPRegion11.ES.ECF@usdoj.gov
Phillip D. Levey:      levey47@hotmail.com, plevey@ecf.axosfs.com
Ha M. Nguyen:      ha.nguyen@usdoj.gov, USTP.region11.es.ecf@usdoj.gov

**Parties Served via First Class Mail:**

Sherobsha Sylvia Wright
400 E. Randolph
Chicago, IL 60601

Veronica Eason
9212 S. Stony Island
Chicago, IL 60624

**Parties Served via E-Mail:**

Veronica Eason:      veronicaeason@yahoo.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SHEROBSHA SYLVIA WRIGHT, | ) | CASE NO. 19-04921 |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**MOTION FOR ENTRY OF AN ORDER IMPOSING FINES
AND PENALTIES PURSUANT TO SECTION 110, HOLDING
VERONICA EASON IN CIVIL CONTEMPT, AND CERTIFYING TO
DISTRICT COURT OF POSSIBLE CRIMINAL CONTEMPT FOR
VIOLATION OF A PERMANENT INJUNCTION DATED FEBRUARY 8, 2017**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Ha M. Nguyen, hereby requests that the Bankruptcy Court holds bankruptcy petition preparer ("BPP") Veronica Eason ("Eason") in civil contempt for violating a permanent injunction dated February 8, 2017 (the "Injunction") and imposes fines and penalties on Eason for violating Section 110 in the bankruptcy case of Sherobsha Sylvia Wright (the "Debtor"). The U.S. Trustee further submits his recommendation that the Court certify the contumacious conduct of Eason to the United States District Court for the Northern District of Illinois (the "District Court") for prosecution of possible criminal contempt for violating the Injunction. The U.S. Trustee makes these requests pursuant to 11 U.S.C. §§ 105 and 110, and Rule 9020 of the Federal Rules of Bankruptcy Procedures ("Rule") and Local Rule 9020-1. In support of his requests, the U.S. Trustee states to the Bankruptcy Court as follows:

**<u>INTRODUCTION</u>**

1.      The U.S. Trustee has exhausted nearly all available civil remedies to stop Eason from her improper, deceptive, and fraudulent conduct in numerous cases before the Bankruptcy Court. To date, the U.S. Trustee has obtained fifteen (15) orders imposing fines and penalties

against Eason, and permanent injunctions in the Northern and Central Districts of Illinois. Despite the numerous orders entered against her, including a permanent injunction in the Northern District of Illinois, she continues her activities as a prolific BPP. Issuing a Report and Recommendation to the District Court for prosecution of possible criminal contempt is warranted and necessary under the circumstances. The request for certification to District Court is a culmination of several years of civil enforcement actions against Eason's blatant defiance of the Court and the rule of law.

2.      Eason's history of violations in the Northern District of Illinois is extensive. Eason was permanently enjoined from acting as a BPP in the Northern District of Illinois on February 8, 2017.[1] Since the entry of the Injunction, Eason has gone "underground" by intentionally failing to disclose her involvement in numerous cases. Even more problematic, Eason has advised *pro se* debtors to conceal her identity when testifying under oath at their 341 Meetings. In some instances, Eason filed documents containing false statements, (*In re Jackson*, case No. 17-24491, compare Dkt. Nos. 36 and 53-1), and even went as far as advising a *pro se* debtor that she was a bankruptcy attorney ( *In re Parker*, Case No. 18-7831).

3.      In the present case, Eason prepared the bankruptcy documents for the Debtor. Eason charged the Debtor $400 for bankruptcy preparation services. According to the Debtor's sworn testimony at her Rule 2004 Examination, Eason convinced her to give false testimony at the 341 Meeting. From the Debtor's testimony, as described more fully below, it is clear that Eason took affirmative steps to conceal her involvement, including coaching a *pro se* debtor to give false testimony under penalty of perjury. Eason's fraudulent conduct in this case demonstrates the length that she is willing to go in order to profit from her illegal law practice after the Bankruptcy Court imposed more than a dozen sanctions against her.

---

[1] The Injunction is discussed below and is attached hereto as <u>Exhibit B</u>.

4.      Under the circumstances of this case, the Court should issue civil fines and penalties against Eason for her multiple violations of Section 110. The Court should also hold Eason in civil contempt for violating the Injunction barring her from preparing bankruptcy documents in the Northern District of Illinois. Lastly, the Court should certify this matter to the District Court for prosecution of criminal contempt. Eason's conduct in the Bankruptcy Court demonstrates that she willfully and intentionally violated Section 110 and the Injunction, and that more drastic sanctions, including criminal contempt and other punitive remedies, are required to stop her. These remedies are necessary to deter future violations of Section 110, to protect *pro se* debtors and the general public from Eason's fraudulent conduct, to ensure compliance with the Court's orders, and to protect the integrity of the bankruptcy system.

## JURISDICTION

5.      The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. § 157(b)(2), and under IOP 15(A) and LR 40.3.1(a) of the United States District Court for the Northern District of Illinois.

6.      Movant is the U.S. Trustee for the Northern District of Illinois, who brings this motion pursuant to 11 U.S.C. §§ 105, 110, and 307.

7.      Pursuant to 28 U.S.C. § 1334(a), the District Court has exclusive and original jurisdiction over all cases arising under Title 11. The District Court promulgated LR 40.3.1(a) which refers all cases under Title 11 to the Bankruptcy Court. The District Court is authorized by 28 U.S.C. § 157(d) to withdraw the reference under LR 40.3.1(a), in whole or in part, as to any case or controversy for cause shown. *See* 28 U.S.C. § 157(d). As discussed below, the U.S. Trustee requests that the Court certify this matter to the District Court, with a Report and Recommendation,

for a determination of criminal contempt as the Bankruptcy Court may not have jurisdiction to hear and determine criminal contempt.

## BACKGROUND

### A. Eason's History as a Bankruptcy Petition Preparer

8.      This Motion is necessitated by Eason's long history of abusive conduct over the course of several years. The U.S. Trustee has and continues to bring civil enforcement actions against Eason since August of 2012. In or around August of 2012, the U.S. Trustee reviewed the case of *In re McGee*, Case No. 12-13914, and discovered that Eason prepared bankruptcy documents for Sharrelle McGee. The U.S. Trustee issued a "cease and desist" letter to Eason, specifically informing Eason of the following: (1) her obligation as a BPP to comply with 11 U.S.C. § 110; (2) her failure to disclose the $150.00 fee she charged the debtor in section 9 of the Statement of Financial Affairs; and (3) the fact that the fee exceeded the $100.00 limit established in the Northern District of Illinois as an appropriate document preparation fee (the "Letter"). Attached hereto as Exhibit A is the Letter. The Letter further informed Eason that if she continues to engage in the unauthorized practice of law, the U.S. Trustee would take steps necessary to enforce the Bankruptcy Code.

9.      Following the issuance of the Letter to Eason, the U.S. Trustee initiated numerous enforcement actions against Eason for her activities as a BPP. In each of these cases, the Court found that Eason violated numerous prohibitions under the Bankruptcy Code, collected significant sums of money without proper disclosure of same, provided legal advice despite not being a licensed attorney in the state of Illinois, and generally engaged in fraudulent and deceptive practices. As set forth below, Eason has been subjected to numerous orders requiring disgorgement

and assessing fines for her repeated failures to comply with 11 U.S.C. § 110 (the "Sanctions

Chart").

### The Sanctions Chart

| Judge | Date | Case Name | Fees Disgorged/Sanctions | Fines to UST |
|---|---|---|---|---|
| Pamela S. Hollis | 05/13/15 | *Caldwell,* 14-04640 | All fees paid by the Debtor, plus $2,000 in damages to Debtor, and $1,000 to Ch. 13 Trustee, plus attorney fees of $2,000 | $500 |
| Pamela S. Hollis | 05/13/15 | *Rayford,* 14-00815 | All fees paid by the Debtor, plus $2,000 in damages to Debtor, and $1,000 to Ch. 13 Trustee, plus attorney fees of $2,000 | $500 |
| Bruce W. Black | 11/20/15 | *Stokes,* 15-31254 | $300 | $500 |
| Timothy A. Barnes | 11/18/15 | *Powell,* 15-28953 | ($300 fees voluntarily refunded to Debtor prior to the entry of the order) | $500 |
| Deborah L. Thorne | 02/23/16 | *Carter,* 15-26475 | ($300 fees voluntarily refunded to Debtor prior to entry of order) | $500 |
| Jack B. Schmetterer | 03/03/16 | *Ford,* 15-28836 | $200 | $500 |
| Deborah L. Thorne | 05/10/16 | *Latimer,* 16-07301 | $200 | $500 |
| Pamela S. Hollis | 05/26/16 | *Robinson,* 16-05823 | $300 | $0 |
| Bruce W. Black | 05/26/16 | *Wilbon,* 16-06582 | $300 | $0 |
| Pamela S. Hollis | 01/19/17 | *Webb* 16-32377 | $400 refund to the Debtors, $2,000 in Damages to the Debtors, and $1,000 to Ch. 13 Trustee, plus attorney fees | $7,500 |
| Carol A. Doyle | 02/8/17 | *Martin* 16-19757 | $300 refund to the Debtor and permanently enjoined from preparing for filing any documents | $1,000 |
| Timothy A. Barnes | 03/8/18 | *Jackson* 17-24491 | $0 | $6,000 |
| Jack B. Schmetterer | 05/3/18 | *Davis* 17-35561 | $400 refund to the Debtor | $0 |
| Carol A. Doyle | 9/27/18 | *Parker* 18-07831 | $400 refund to the Debtor, and $2,000 in Damages to the Debtor | $7,500 |
| Deborah L. Thorne | 9/27/18 | *Jackson* 18-09684 | $400 refund to the Debtor, and $2,000 in Damages to the Debtor | $7,500 |

10.     As the Sanctions Chart illustrates, the bankruptcy judges have issued a plethora of fines and penalties against Eason. It is clear from these orders and her participation in the related hearings that Eason knows that her activities are violative of Section 110 and the Injunction. It is also clear that Eason knows that she is engaging in the unauthorized practice of law. Despite these facts, Eason continues to operate her illegal law practice, to conceal her identity and fees from the Court, and to generally engage in deceptive and fraudulent practices, including advising *pro se* debtors to conceal her identity and to give false testimony at 341 Meetings. Presently, Eason is in civil contempt by Judge Thorne in *Jackson*, filed a personal bankruptcy case to frustrate the U.S. Trustee's efforts to enforce the Bankruptcy Code, and shockingly, at the same time, continued to prepare bankruptcy documents for a fee.[2] Eason's recalcitrant behavior reflects her blatant disregard for the rule of law and this Court. The Court should rebuke Eason's conduct and impose sanctions, including a certification to District Court for the prosecution of possible criminal contempt.

**B.  The Injunction Barring Eason from Acting as a
     Bankruptcy Petition Preparer in the Northern District of Illinois**

11.     On July 21, 2016, the U.S. Trustee filed an adversary complaint seeking monetary sanctions and injunctive relief against Eason in the case *United States Trustee v. Veronica Eason*, Case No. 16-AP-00480. Judge Carol A. Doyle presided over the adversary proceeding.

12.     On October 19, 2016, after multiple extensions of time, Eason filed an answer to the U.S. Trustee's adversary complaint. Following the filing of the answer, the U.S. Trustee filed a motion for summary judgment. *See* 16-AP-00480, Docket Nos. 13, 15, 16, and 17.

---

[2] The U.S. Trustee is requesting sanctions in this case and is also bringing another motion in *Phipps*, Case No. 19-10922 before this Court. The U.S. Trustee believes that despite the numerous contempt orders, Eason has not stopped and is, upon information and belief, still preparing petitions. The U.S. Trustee is seeking oral testimony from *pro se* debtors in four (4) other cases that appear to be cases with documents prepared by Eason. Notably, two cases were filed as recent as August 1, 2019.

13.     On February 8, 2017, the Court entered judgment in favor of the U.S. Trustee imposing fines, requiring Eason to disgorge fees, and permanently enjoining Eason from acting as a BPP in the Northern District of Illinois. Eason participated in the adversary proceeding and did not appeal the Injunction. Attached hereto as Exhibit B is the Injunction.

14.     The Injunction states in part that:

> **Pursuant to 11 U.S.C. § 110(j)(2)(B), Veronica Eason (and any individual or entity on her behalf, at her request, or in any way under her control, whether or not for a fee) is hereby PERMANENTLY ENJOINED from preparing for filing, or filing, any documents as a petition preparer in the United States Bankruptcy Court for the Northern District of Illinois.**

Exhibit B, ¶ 5 (emphasis added).

15.     On February 9, 2017, the U.S. Trustee served the Injunction on Eason, Midwest Consultants Group, Inc. ("Midwest"), and Tina Tran, Esq. ("Ms. Tran").[3] Attached hereto as Exhibit C is the U.S. Trustee's Certificate of Service of the Injunction. Based on the broad and clearly described injunctive relief ordered by the Court, Eason is prohibited from acting as a BPP in the Northern District of Illinois.

16.     Further, Eason has actual knowledge of the Injunction. First, Eason filed an answer to the U.S. Trustee's adversary complaint. The U.S. Trustee's adversary complaint requested, among other things, that the Bankruptcy Court "Permanently [enjoin] the Defendant [Eason] from acting as a bankruptcy petition prepare for cases filed under Title 11 of the United States Code." *In re Martin*, Case No. 16-AP-00480, Dkt. No. 1, ¶ 47. Secondly, Eason instructed Ms. Tran to appear before Judge Doyle on January 26, 2017 with the specific purpose of objecting to the

---

[3] Tina Tran is a licensed Illinois attorney. Beginning January 2017, Ms. Tran was employed at Midwest. Upon information and belief, as an employee of Midwest, Ms. Tran filed several bankruptcy cases based on instructions by Eason. Upon information and belief, Ms. Tran is no longer employed at Midwest.

injunctive language in the judgment order. But for Eason's knowledge of the Injunction and instructions to Ms. Tran regarding the hearing on January 26, 2017, Ms. Tran would not have appeared and objected to the Injunction. Notably, Judge Doyle overruled Eason's objection to the injunctive relief and entered the Injunction in favor of the U.S. Trustee. Based on the foregoing facts, Eason had actual knowledge of the Injunction and the relief sought therein since the Injunction was entered on February 9, 2017.

**C.   Eason Violated the Injunction:** *Paula Yvette Jackson, Case No. 17-24491*

17.    Eason's conduct after the entry of the Injunction indicates that she had actual knowledge of the Injunction.

18.    On August 16, 2017, Paula Yvette Jackson ("Jackson"), *pro se*, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, which was assigned Case No. 17-24491.

19.    On September 14, 2017, Jackson appeared for a 341 Meeting and testified, under oath, that Eason prepared her bankruptcy documents. Attached hereto as Exhibit D is a true and correct transcript of the 341 Meeting on September 14, 2017. Jackson further testified that she paid Eason $300.00 for bankruptcy preparation services and that Eason gave her legal advice concerning her Chapter 13 plan. *See* Exhibit D at 5:10-20.

20.    The U.S. Trustee and the Chapter 13 Trustee filed separate motions for sanctions against Eason (the "Contempt Proceedings"). *See* Docket Nos. 19 and 25 in Case No. 17-24491. Eason appeared at the Contempt Proceedings and filed a response denying that she prepared bankruptcy documents for Jackson. According to Eason, an individual named Kenneth Harris prepared the bankruptcy documents for Jackson. Eason claimed that Harris is not an employee of Midwest, and was simply in her office when Jackson arrived for bankruptcy services. Harris then

9

used Eason's computers to prepare Jackson's bankruptcy documents without her knowledge. *See*

Dkt. No. 36 in Case No. 17-24491.

21.     Following Eason's response in the Contempt Proceedings, this Court set the matters

for an evidentiary hearing and allowed the parties to take discovery. After the U.S. Trustee

conducted the deposition of Jackson and with Harris' deposition scheduled, Eason contacted the

U.S. Trustee and admitted that she prepared the bankruptcy documents for Jackson. As part of her

admissions, Eason executed an affidavit admitting her involvement in Jackson's bankruptcy case.

Attached hereto as <u>Exhibit E</u> is the Order and Affidavit executed by Eason. This Court found Eason

in contempt of the Injunction and imposed a $6,000 fine on Eason as a result. Eason's conduct in

the *Jackson* case clearly demonstrates that she had actual knowledge of the Injunction and that she

willfully violated the Injunction in the present case. Moreover, Eason's affidavit submitted to this

Court specifically acknowledged that she read paragraph 5 of the Injunction and further states:

> Based on the above provision, I understand that the Injunction
> permanently prohibits me or my business from acting as a BPP in
> the Northern District of Illinois. I also acknowledge that previously
> I have been permanently enjoined from preparing for filing, or
> filing any documents as a BPP in the United States Bankruptcy
> Court for the Central District of Illinois.

<u>Exhibit E</u>, ¶ 6.

**D.   <u>Eason Violated the Injunction: *L'Tasha Renee Parker, Case No.* 18-07831</u>**

22.     Similarly, Eason's conduct in the *Parker* case further demonstrates that she had

actual knowledge of the Injunction and that she again, violated the Injunction in the present case.

23.     On March 19, 2018, L'Tasha Renae Parker (the "Parker"), *pro se*, filed a voluntary

petition for relief under Chapter 7 of the Bankruptcy Code, which was assigned Case No. 18-

07831.

24.     On April 26, 2018, Parker appeared at her 341 Meeting. Parker testified under penalty of perjury that a family friend prepared the bankruptcy documents in her case. However, Parker was unable to identify the family friend, and could not explain how she obtained the forms filed in her bankruptcy case. As a result of this inconsistent testimony, the U.S. Trustee sought and obtained authority to depose Parker at a Rule 2004 Examination. *See* Case No. 18-07831, Dkt. No. 15.

25.     On July 11, 2018, Parker appeared for her Rule 2004 Examination at the U.S. Trustee's Office. Attached hereto as Exhibit F is a transcript of the Rule 2004 Examination. Parker testified that she paid Eason $400.00 and was instructed by Eason to testify that a family friend assisted in the preparation of her bankruptcy documents. In that regard, the Debtor testified as follows:

Q. Did she [Eason] tell you not to tell anyone she helped you?

A. Yes.

Q. Okay. And what specifically did she tell you?

A. She told me that her name wasn't on any of the documents.

Q. Okay.

A. And that she didn't sign anything. And so if anybody asked who helped, to say that a family friend helped.

Exhibit F at 20: 13-23.

26.     Moreover, Parker testified that Eason claimed to be a bankruptcy attorney[4], and Eason gave her legal advice, including, (1) explaining the differences between the various chapters

---

[4] **Q.** Did Ms. Eason ever tell you she was an attorney? **A.** Yes. **Q.** She told you she was an attorney? **A.** Yes. She said she was a bankruptcy attorney. Exhibit F, 29:7-12.

under the Bankruptcy Code; (2) determining Parker's eligibility under various federal exemptions; (3) determining the characteristics of Parker's debts (secured or unsecured); and (4) providing Parker with bankruptcy forms and about the need to obtain credit counseling. *See* Exhibit F at 27:17-23; 32:4-19; and 33:16-34:1-18.

27.     After multiple hearings, Judge Doyle found Eason in civil contempt of the Injunction and imposed a fine of $7,500 on Eason, assessed $2,000 in damages, and ordered disgorgement of $400 in fees.

**E.  Eason Violated the Injunction and Section 110 in the Present Case**

28.     On February 26, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor filed *pro se*.

29.     Based on the Debtor's petition and schedules, the U.S Trustee determined that Eason prepared the bankruptcy documents for the Debtor. Attached here to as Exhibit G, are the Debtor's Petition, Schedules, and Statement of Financial Affairs.

30.     On April 1, 2019, the Debtor appeared for a 341 Meeting at the U.S. Trustee's Office. Phillip D. Levey, a panel trustee for the Northern District of Illinois, conducted the 341 Meeting and a representative for the U.S. Trustee attended.[5] At the outset of the 341 Meeting, the Debtor was sworn in and her testimony at the 341 Meeting was given under penalty of perjury. Exhibit H, 2:4-12.

31.     At the 341 Meeting, the representative from the U.S. Trustee's Office asked the Debtor if anyone assisted her with the preparation of the bankruptcy documents. The Debtor testified that her sister, Shakena Miller, assisted her with the preparation of the bankruptcy documents. Exhibit H, 5:12-24.

---

[5] Attached hereto as Exhibit H is a transcript of the 341 Meeting.

32.     Following the 341 Meeting, the U.S. Trustee sought to corroborate the Debtor's testimony by requesting that the Debtor provide the address and telephone number of Ms. Miller. On May 13, 2019, the Debtor responded via email:

> Hello spoke with my sister she stated technically my other sister helped more because we got some stuff wrongand [sic] had to redo some stuff. She went over everything with me to finalize it. Her information is. Charlotte crockson [sic] [ADDRESS AND TELEPHONE NUMBER REMOVED]. My sister Shakena Miller number is [TELEPHONE NUMBER REMOVED].

33.     Following the transmission of the e-mail from the Debtor on May 13, 2019, the U.S. Trustee was unable to corroborate that Ms. Miller and Ms. Crockson were the Debtor's sisters. However, the U.S. Trustee was able to identify Ms. Crockson, based on a review of sworn testimony given by Eason at a deposition on April 21, 2017. Eason testified as follow:

Q. Where are you living now?

A. With a sister?

Q. What's the address?

A. [Address omitted]

Q. What's your sister's name?

A. Charlotte

Q. Her last name?

A. Crockson, C-r-o-c-k-s-o-n

34.     On May 14, 2019, an attorney from the U.S. Trustee's Office called the Debtor to inquire about Ms. Miller and Ms. Crockson. During the phone call, the Debtor admitted that Ms. Miller and Ms. Crockson did not prepare her bankruptcy documents. The Debtor further stated that she did not initially understand the consequences of her false testimony. The Debtor sought to correct her testimony and admitted that Eason prepared her bankruptcy documents. The Debtor

stated that she paid Eason $400 for her services. Lastly, the Debtor agreed to appear at a Rule 2004 Examination to correct her prior testimony.

35.     On May 16, 2019, the U.S. Trustee requested authority to examine the Debtor pursuant to Rule 2004. *See* Dkt. No. 17.

36.     On May 28, 2019, the Court granted the U.S. Trustee's request for Rule 2004 authority.

37.     On July 26, 2019, the U.S. Trustee conducted a Rule 2004 Examination of the Debtor.[6] The U.S. Trustee is in the process of transcribing the Rule 2004 Examination on July 26, 2019. The U.S. Trustee will supplement this motion with the transcript once it is prepared.

38.     At the Rule 2004 Examination, the Debtor testified that she went to Eason's office at 9212 S. Stoney Island, Chicago IL, for bankruptcy preparation services on two occasions. The Debtor further testified that she paid Eason $400 in cash for her services. Additionally, the Debtor testified that Eason gave her legal advice, including (1) explaining the differences under the various chapters under the Bankruptcy Code; (2) determining the Debtor's eligibility under various federal exemptions, (3) determining the characteristics of the Debtor's debts (secured or unsecured), (4) determining the debtor's eligibility for a fee waiver, (5) providing the Debtor with bankruptcy forms, and (6) providing the debtor with procedural advice including the need to obtain credit counseling.

39.     Even more egregious, the Debtor testified that Eason convinced her to give false testimony at the 341 Meeting. The Debtor explained that Eason instructed her to give her sister's name, and that the false testimony "was no big deal."

---

[6] The Rule 2004 Examination was rescheduled multiple times because the Debtor was residing at a domestic violence shelter in Illinois. The U.S. Trustee agreed to reschedule the examination without objection to ensure that the Debtor felt safe returning to Chicago to give her testimony.

40.    Based on the above, the U.S. Trustee requests that the Bankruptcy Court hold Eason in civil contempt for violating the Injunction, impose fines and penalties under Section 110, and certify this matter to the District Court for prosecution of criminal contempt of the Injunction.

## RELIEF REQUESTED

41.    Pursuant to Section 105 and Section 110 of the Bankruptcy Code, Bankruptcy Rule 9020 and Local Rule 9020-1, the U.S. Trustee requests that the Bankruptcy Court impose fines and penalties against Eason and certify Eason's actions in this case to the District Court for a determination of criminal contempt of the Injunction. As to the fines and penalties, the U.S. Trustee requests that the Court enter an order that: (1) imposes a fine, payable to the U.S. Trustee, in the amount of $7,500; (2) imposes a fine, payable to the Debtor, in the amount of $2,000; (3) requires the full disgorgement of fees in the amount of $400 to Debtor; and (4) holds Eason in civil contempt for violating the Injunction. Additionally, the U.S. Trustee recommends that, due to the possible restrictions on the Court's authority to enter criminal contempt sanctions, the Bankruptcy Court certify this matter to the District Court for possible criminal proceedings.

## A.  Imposition of Fines and Penalties under Section 110

42.    Eason violated § 110 of the Bankruptcy Code by, among other things, failing to disclose her identity and fees on the petition and required official forms. Further, Eason engaged in deceptive and fraudulent conduct by concealing her identity, giving legal advice to the Debtor, and convincing the Debtor to give false testimony at the 341 Meeting and on her bankruptcy forms.

43.    Section 110(b)(1) of the Bankruptcy Code requires that a BPP sign the petition and disclose the preparer's name and address. Eason failed to disclose her name and address on the bankruptcy petition in violation of § 110(b)(1).

44.    Section 110(b)(2) of the Bankruptcy Code requires that "[b]efore preparing any document for filing or accepting any fees from the debtor, the bankruptcy petition preparer shall provide to the debtor a written notice   . . . [which] shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice." The Debtor and the BPP must sign this form and file it with the Court under § 110(b)(2)(B)(iii). Eason did not file any such document as reflected on the case docket. Thus, Eason violated § 110(b)(2).

45.    Section 110(c)(1) of the Bankruptcy Code requires that a BPP "place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document."   Section 110(c) (2) (A) mandates the BPP identify himself or herself with their "Social Security account number."   Eason failed to provide her Social Security account number in violation of § 110(c).

46.    Section 110(h)(2) of the Bankruptcy Code requires that a BPP disclose, under penalty of perjury, "any fee received from or on behalf of the debtor within twelve months prior to the filing of a case and any unpaid fee charged to the debtor."   Eason failed to disclose her bankruptcy petition preparer fee in Debtor's case in violation of § 110(h)(2).

47.    Section 110(h)(3)(A)(i) of the Bankruptcy Code provides that the Court may order a BPP to turnover any fee that the Court finds to be in excess of the value of the services provided. Typically in this District, some bankruptcy judges permit a BPP to charge no more than $150 for typing services. *In re Steward*, 312 B.R. 172, 174 (Bankr. N.D. Ill. 2004). In this case, Eason charged and received $400 from the Debtor, which is excessive.

48.    Section 110(h)(3)(B) of the Bankruptcy Code provides that the Court may order the forfeiture of all fees in any case in which the BPP fails to comply with Bankruptcy Code Sections

110(b) – (h).   As set forth herein, Eason violated Bankruptcy Code Sections 110(b)(1), (b)(2), (c)(1), (h)(2) and (h)(3). Accordingly, Eason should be ordered to immediately forfeit to the Debtor the full fee received in the amount of $400.

49.     Additionally, Eason's conduct warrants an award of damages under 11 U.S.C. § 110(i)(1). Section 110(i)(1) of the Bankruptcy Code provides in part that if a BPP violates Section 110 or commits any act that the Court finds to be "fraudulent, unfair, or deceptive," the Court shall order the BPP to pay the debtor (i) the debtor's actual damages; (ii) the greater of $2,000 or twice the amount paid by the debtor to the BPP; and (iii) reasonable attorneys' fees and costs in moving for damages. As the record demonstrates, Eason failed to comply with numerous provisions of Section 110. For these reasons, the U.S. Trustee requests that Eason be fined $2,000 under this subsection. Notably, if Section 110(i)(1) is invoked, an award of damages is mandatory and cumulative of other relief ordered under Section 110. *See In re Rojero*, 399 B.R. 913, 921 (Bankr. D.N.M. 2008).

50.     Furthermore, under § 110(l)(1), the Court may fine a BPP up to $500 for each violation of subsections (b), (c), (d), (e), (f), (g), or (h) of Section 110.   In this case, Eason violated subsections (b)(1), (b)(2), (c)(1), (h)(2) and (h)(3) of Section 110, and therefore, should be fined an additional $2,500.

51.     Finally, Code Section 110(l)(2)(D) provides that if a BPP violates Section 110(b)– (h) and "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer," or advised the debtor to exclude assets or income that should have been included, the court shall triple the amount of a fine assessed under Section 110(i)(1). In this case, Eason failed to disclose her identity and Social Security number on the Debtor's petition as required, and gave legal advice to the Debtor. Thus, the U.S. Trustee requests that the Court treble

the fine assessed for each violation of Code Section 110(b)–(h), thereby increasing the fine from $2,500 to $7,500.

## B. Recommended Certification to the District Court

52.     The facts in this case and Eason's recalcitrant behavior in the Bankruptcy Court for the last several years support the conclusion that certification to the District Court is appropriate and necessary. Eason was fully aware that she was barred from offering bankruptcy petition preparation services in this district, yet she brazenly ignored the Injunction – not only by failing to satisfy a contempt order in *Jackson*, but also by continuing to offer bankruptcy petition preparation services. The inference is that Eason believed she would skirt the Court's detection because she intentionally did not comply with any of the required disclosures under Section 110. Even more egregious is that she instructs debtors to lie to the Court and in their bankruptcy documents and under oath at the 341(a) Meetings. Given Eason's intentional violation of the Injunction, the U.S. Trustee recommends that the Court certify this case to the District Court for possible prosecution of Eason's criminal contempt of the injunction.

53.     There are two distinct forms of contempt sanctions, civil and criminal. The distinction between the two is the purpose for the relief sought. If the relief sought is to coerce compliance with a court's order, the nature of the remedy is civil. If the relief sought is punitive, crafted to preserve the authority of the court or to deter future conduct, the nature of the remedy is criminal. *See U.S. v. Dowelli*, 257 F.3d 694, 699 (7th Cir. 2001); *see also, Mann v. Calumet City, Ill.*, 588 F.3d 949, 955 (7th Cir. 2009).

54.     To establish civil contempt, each of the following elements must be shown by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged

18

contemnor by their conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result. *Manz v. Bridgestone Firestone North American Tire, LLC*, 533 F.3d 578, 590-591 (7th Cir. 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288,301 (4th Cir.2000)).

55.     Eason's actions support a finding of civil contempt. Eason had clear notice of the Injunction because she was served by the U.S. Trustee and she participated in the adversary proceeding seeking the Injunction. Moreover, the U.S. Trustee has brought several motions seeking fines and penalties under Section 110 after the Injunction was entered. Judge Thorne, Judge Doyle, Judge Schmetterer and Judge Barnes (*In re Parker*; *In re Davis*; *In re G. Jackson; and In re P. Jacskon*) all have either previously found Eason in civil contempt of violating the Injunction or imposed fines and penalties pursuant to Section 110. The Injunction was lawful as it was imposed under Section 110 and was brought by an adversary proceeding as mandated by Rule 7001(7). The U.S. Trustee obtained the Injunction from the Court to protect the public interest from Eason's deceptive and fraudulent conduct. *See, In re South Beach Secs. Inc.*, 606 F.3d 366, 371 (7th Cir. 2010) (Posner, J.) (The United States Trustee is "the congressionally ordained watchdog – he has a statutory interest in making sure that bankruptcy law isn't abused.").

56.     To establish criminal contempt, three essential elements must be satisfied. To wit: (1) there must be a violation; (2) that is willful; and, (3) of a clear and reasonably specific lawful order. *See U.S. v. Hoover*, 240 F.3d 593, 596 (7th Cir. 2001); *See also*, 18 U.S.C. § 401(3).

57.     Eason's actions also support a finding of criminal contempt. She has clearly and repeatedly violated the Injunction. The Injunction is clear in its language and lawfully entered pursuant to Section 110 and Rule 7001(7). Finally, there can be no doubt as to the willfulness of Eason's conduct. She was aware of the Injunction, as she been held in contempt several times for

19

previously violating it. Eason's willfulness is magnified by her intentional concealment of her assistance in the Debtor's bankruptcy case. Moreover, Eason certainly knew of the illegal nature of her continuing to act as a BPP in this district. However, based on the extensive history of her violative actions, Eason simply does not care whether or not she is in compliance with the law.

58.    As a result, a punitive remedy may be appropriate to deter future violations by Eason and to coerce her to comply with the terms of the Injunction.

59.    Courts generally agree that bankruptcy courts do not have the power to impose sanctions for criminal contempt. *Matter of Graybill Corp.*, 967 F.2d 1152, 1157 (7th Cir. 1992) (citing with approval *In re Hipp, Inc.*, 895 F.2d 1503, 1521 (5th Cir. 1990) for the proposition that bankruptcy courts have no inherent criminal contempt power). Regardless of the possible limitation on bankruptcy courts' authority, there is little doubt that a District Court can hear criminal cases based upon criminal contempt of a bankruptcy court's order. The District Court has exclusive and original jurisdiction over all cases arising under the Bankruptcy Code. 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 151 a bankruptcy court is a "unit" of the District Court. *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 912 (7th Cir. 2001). It has been held that the District Court can therefore hear criminal contempt cases based upon bankruptcy court orders. *U.S. v. Guariglia*, 962 F.2d 160, 162 (2nd Cir. 1992) and *U.S. v. Lawrence*, 54 F.3d 777 (6th Cir. 1995).

60.    As a result of the limitation of this Court's contempt powers, the U.S. Trustee recommends that, if the Court finds there is probable cause to believe that Eason is guilty of criminal contempt of the Injunction, the Bankruptcy Court make certain findings of Eason's violations and certify this matter to the District Court for prosecution of criminal contempt.

## CONCLUSION

61.    Eason's actions in this case demonstrate her blatant defiance to the Court and its orders, which warrant a strong response. Accordingly, the U.S. Trustee requests that the Court enter an order:

    a.    Imposing a fine, payable to the U.S. Trustee, in the amount of $7,500;

    b.    Imposing a fine, payable to the Debtor, in the amount of $2,000;

    c.    Requiring the full disgorgement of fees in the amount of $400 to the Debtor; and

    d.    Granting such other relief as this Court finds just and necessary.

62.    The U.S. Trustee also recommends that the Bankruptcy Court certify this matter to the District Court for possible criminal proceedings.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE


Dated: <u>August 12, 2019</u>                    By:<u>*/s/ Ha M. Nguyen*</u>
                                         Ha M. Nguyen, Trial Attorney
                                         U.S. Department of Justice
                                         Office of the United States Trustee
                                         219 S. Dearborn Street, Room 873
                                         Chicago, Illinois   60604
                                         (312) 886-3320